## Commonwealth v. Prince

*Thomas Williams, Assistant District Attorney,* for Commonwealth.
*Warren H. Prince,* pp., for defendant.

LIPSITT, *J.,* October 7, 1977—On March 10, 1976, defendant, Warren H. Prince, parked his car on North Second Street in an area posted "No parking 7 to 9, no parking 4 to 6." The vehicle was located in a traffic lane, adjacent to the curb line, reserved for use by buses during the morning and evening rush hours. At 4:10 p.m., an officer of the Harrisburg City Police Department observed the

car of defendant parked illegally in the restricted zone and issued a violation ticket.

Defendant asked for a hearing at the city law bureau and was informed that no such procedure existed. He was further informed that to contest the matter it was necessary to await issuance of a citation and, thereafter, request a hearing before the district justice. In due course, a citation was issued on April 13, 1976, and a hearing held before a district justice where defendant was found guilty and sentenced to pay a ten dollar fine and five dollar costs.

Defendant appealed and at a trial de novo before this court was again found guilty and ordered to pay "a fine of $15, plus the costs of this proceeding." Defendant appealed to the Superior Court and the case was remanded for the filing of post-trial motions.

In his motion in arrest of judgment which is presently before the court for determination, defendant contends that the procedure used to enforce the parking laws in the City of Harrisburg violates the due process and equal protection provisions of the Federal Constitution and produces a "chilling effect" upon his right to plead not guilty. Additionally, it is asserted the city failed to cite the specific subsection of the ordinance allegedly violated, contrary to Pa. R. Crim. P. 52(A)(1)(e), and that the fine imposed by this court exceeded the maximum established by the ordinance.

The constitutional claims, herein dealt with together, are based upon the distinction made in Rule 51 of Pa. R. Crim. P. between a parking ticket and a citation. The comment to Rule 51 provides in part:

"This Rule allows two alternative procedures for enforcing parking laws, both under the Vehicle Code and ordinances, in addition to the procedure of serving the defendant directly with a citation . . .

"Under one alternative, the officer leaves a parking ticket on the windshield. This ticket is typically a document composed and printed by the political subdivision which informs the defendant of the accusation and offers the defendant the opportunity to pay any fine specified thereon. A parking ticket is thus a device of convenience to the local government and the defendant, *but does not constitute the instituting of a summary proceeding, and thus no enforcement of penalty can be based upon it alone.* . . .

"Under the second alternative, the officer, meter maid, or other official authorized to enforce parking laws leaves the defendant's copy of the citation on the vehicle windshield. By doing so, a summary proceeding for a parking violation has been instituted. . . ." (Emphasis supplied.)

Defendant contends that even though he received a parking ticket, which does not constitute initiation of proceedings against him, rather than a citation, which does, he was nevertheless entitled to a hearing as a matter of constitutional due process before issuance of a summons. He further asserts the parking violation system violates equal protection and encourages guilty pleas in that the maximum fine for a parking ticket is five dollars while the penalty provided for after issuance of a citation is ten dollars.

The record clearly reveals defendant was parked in a prohibited area. The City of Harrisburg could have lawfully subjected him to a ten dollar fine at

the outset by issuing a traffic citation. Because the officer chose to issue the more convenient parking ticket for five dollars, however, defendant reasons his constitutional rights have been in some way infringed. Needless to say, such logic is frivolous.

Inasmuch as parking violations are relatively minor in nature, most cities provide for the use of parking tickets in cases such as this, both for their convenience and as a matter of grace to the offender. By settling for half of the legally permissible fine, the municipality avoids burdening its police force with the task of initiating summary proceedings in situations which are usually of little significance. No transgression of constitutional rights flows from this procedure.

Defendant next argues he was charged with violating a city ordinance which is inapplicable to the facts here. Section 541.01 entitled "Parking in Prohibited Areas" reads as follows: "When signs are erected lawfully giving notice thereof, no person shall park a vehicle at any time upon any of the streets or parts of streets designated as prohibited parking areas by the Traffic Control Maps, or by temporary regulations in conformity with Article 507." While the Commonwealth admits that section 541.02 entitled "Parking limited in Designated Areas" would have been more appropriate in this instance, defendant has likewise violated section 541.01 since at the time his car was ticketed, the space in which it was parked was within a prohibited area.

Finally, defendant avers that the fine imposed by this court which should have been ten dollars was in excess of that authorized. The Commonwealth concedes the court incorrectly imposed a fine of fifteen dollars plus the costs of the proceed-

ing. The proper sentence should have been a ten dollar fine plus five dollars as mandated costs of the citation plus costs of this proceeding. The sentence should be amended to reflect the correct amounts.

Accordingly, we enter the following

## ORDER

And now, October 7, 1977, the motion in arrest of judgment is denied, and defendant, Warren H. Prince, is directed to pay a fine of ten dollars plus five dollars costs for the citation plus costs of his trial in this Court of Common Pleas.